**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-2181**

---

BLUFF SPUR COAL CORPORATION,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; FREDERICK B. BATEMAN,

Respondents.

---

On Petition for Review of an Order of the Benefits Review Board. (24-0107 BLA)

---

Submitted: May 4, 2026                     Decided: August 4, 2026

---

Before WYNN, HEYTENS, and BENJAMIN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:** John R. Sigmond, PENN, STUART & ESKRIDGE, Bristol, Tennessee, for Petitioner. Brad A. Austin, WOLFE WILLIAMS & AUSTIN, Norton, Virginia, for Respondent Frederick B. Bateman.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bluff Spur Coal Corporation petitions for review of the Benefits Review Board's decision and order affirming an Administrative Law Judge (ALJ's) award of black lung benefits to Frederick Bateman. Bluff Spur challenges a pair of factual findings underpinning the award—that Bateman: (1) is totally disabled; and (2) never smoked. This Court reviews such findings only "to determine whether they are supported by substantial evidence and in accordance with the law." *Clinchfield Coal Co. v. Director, Off. of Workers' Comp. Programs*, 164 F.4th 342, 347 (4th Cir. 2026). Applying that deferential standard of review, we agree with the Board's decision to affirm the ALJ's order. We thus deny the petition for review.

*First*, Bluff Spur argues the ALJ erred in finding Bateman was totally disabled. Specifically, Bluff Spur challenges the ALJ's weighing of both the pulmonary function tests in the record—some indicating total disability and others not—and the competing physician opinions interpreting those test results. But "[t]he record shows the ALJ identified the relevant evidence, resolved the material conflicts, and adequately explained why [s]he credited some opinions over others." *Clinchfield Coal*, 164 F.4th at 351. We thus conclude the ALJ's finding of total disability is supported by substantial evidence and in accordance with the law.[1]

---

[1] Bluff Spur also argues the ALJ erred by applying presumptions that cannot be invoked unless a claimant has established total disability because Bateman (in its view) failed to establish total disability. Because we decline to disturb the ALJ's total-disability finding, we also conclude the ALJ did not err in applying those presumptions.

2

*Second*, Bluff Spur challenges the ALJ's finding that Bateman was a "never smoker." Bluff Spur Br. 39–42. But Bluff Spur concedes the ALJ "appears to have reviewed" *all* relevant evidence, Bluff Spur Br. 40, and acknowledged that some of the evidence pointed to a smoking history. Ultimately, the ALJ found Bateman credible and credited his testimony that he had never smoked. This Court does not "reweigh conflicting evidence" or "make credibility determinations." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quotation marks removed). Thus, the ALJ's finding that Bateman never smoked was both supported by substantial evidence—his credible testimony—and in accordance with the law.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The petition is

*DENIED.*

3